1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 12cv0556-MMA |
| Plaintiff, | CRIMINAL CASE NO. 09cr0577-MMA |
| vs. | **ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| JORGE MONTES-LEYVA, | [Doc. No. 275.] |
| Defendant. | |

Petitioner Jorge Montes-Leyva, proceeding *pro se*, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Court has considered the motion, Respondent United State's opposition, Petitioner's traverse, and all additional supporting documents submitted by the parties.  For the following reasons, the Court **DENIES** the motion.

### PROCEDURAL BACKGROUND

On January 7, 2011, Petitioner pled guilty to one count of conspiracy to distribute marijuana. [Doc. No. 131.]  On August 23, 2011, the Court sentenced Petitioner to the statutory mandatory minimum of 60 months in the custody of the United States Bureau of Prisons with credit for time served as of August 24, 2010.  [Doc. No. 235.]  The Court ordered this sentence to run concurrently with the sentence imposed in 08cr2352-LAB, followed by five years of supervised release.  [*Id.*] Petitioner now moves the Court for an order vacating, setting aside, or otherwise correcting his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel and

1   outrageous government conduct.  [Doc. No. 275.]  Respondent filed an opposition to Petitioner's

2   motion on May 4, 2012, and Petitioner filed a traverse on June 14, 2012.  [Doc. Nos. 278 & 280.]

3                                   LEGAL STANDARD

4          Under Section 2255, a court may grant relief to a federal prisoner who challenges the

5   imposition or length of his incarceration on any of the following four grounds: (1) that the sentence

6   was imposed in violation of the Constitution or laws of the United States; (2) that the court was

7   without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum

8   authorized by law; or (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C. §

9   2255(a).

10         The court may dismiss a Section 2255 petition if "it plainly appears from the motion, any

11  attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

12  Rule 4(b), Section 2255 Rules.  The court need not hold an evidentiary hearing if the allegations are

13  "palpably incredible" or "patently frivolous," or if the issues can be conclusively decided on the

14  basis of the evidence in the record.  *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also*

15  *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has

16  discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records

17  conclusively show that the movant is not entitled to relief").

18                                    DISCUSSION

19         Petitioner raises three claims in his motion: first, that his appeal and collateral review waiver

20  was defective; second, that he received ineffective assistance of counsel at trial; and third, that the

21  United States engaged in outrageous conduct in its use of confidential informants.  [Doc. No. 275.]

22  Respondent argues that Petitioner's appeal and collateral review waiver was valid; that Petitioner

23  fails to establish ineffective assistance of counsel; and, that any claim regarding outrageous

24  government conduct was waived by virtue of Petitioner's guilty plea.  [Doc. No. 278.]

25         For the following reasons, the Court finds Petitioner's claims to be without merit.  The Court

26  declines to hold an evidentiary hearing, as the issues can be conclusively decided on the basis of the

27  existing record.

28

1         *1.     Petitioner Waived His Rights of Appeal and Collateral Review*

2         Respondent argues that Petitioner's waiver of appeal and collateral attack, included in the

3 terms of his plea agreement, encompasses Petitioner's claims under Section 2255. [Doc. No. 278.]

4 "Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the

5 waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the

6 waiver is knowingly and voluntarily made." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir.

7 2000) (quoting *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998)).

8         Respondent argues that although "the general rule upholding knowing and voluntary waivers

9 of the right to appeal or collaterally attack a conviction and sentence may be subject to an exception

10 where a [Section] 2255 motion challenges a plea agreement's validity by way of an ineffective

11 assistance of counsel claim . . . [this] principle does not apply here because [Petitioner] does not

12 challenge the validity of his plea agreement." [Doc. No. 278 at 6-7.] However, Respondent's

13 characterization of Petitioner's claims is not entirely accurate. As discussed in further detail below,

14 Petitioner challenges his plea agreement and the knowing and voluntary nature of his constitutional

15 waivers on several grounds. As such, despite the waiver contained in the plea agreement [Doc. No.

16 131], the Court will consider Petitioner's claims on the merits.

17         *2.    Ineffective Assistance of Counsel*

18         Petitioner raises six claims of ineffective assistance of counsel: (1) counsel urged Petitioner

19 to "plead guilty without negotiating to get something in return from the government;" (2) counsel

20 did not explain Petitioner's constitutional rights and the effect of a guilty plea on those rights before

21 the Rule 11 hearing; (3) counsel did not pursue a defense on the merits; (4) counsel did not interview

22 witnesses, conduct research, or use an interpreter until the Rule 11 hearing; (5) counsel did not

23 effectively challenge "foibles" at Petitioner's sentencing; and (6) counsel "should have requested a

24 downward departure because Petitioner is a deportable alien." [Doc. No. 275.] To prevail on an

25 ineffective assistance of counsel claim, a petitioner must show both that his counsel's performance

26 fell below an objective standard of reasonableness, and that the deficiency in his counsel's

27 performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A court

28 reviewing an ineffective assistance of counsel claim "need not determine whether counsel's

1   performance was deficient before examining the prejudice suffered by the defendant as a result of

2   the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack

3   of sufficient prejudice . . . that course should be followed." *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th

4   Cir. 2002) (quoting *Strickland*, 466 U.S. at 697). "In order to show prejudice regarding a plea, a

5   defendant must generally show that, absent his counsel's errors, he would have gone to trial rather

6   than plead guilty." *United States v. Roberts*, 5 F.3d 365, 370 (9th Cir. 1993). "[C]ounsel is strongly

7   presumed to have rendered adequate assistance and made all significant decisions in the exercise of

8   reasonable professional judgment." *Strickland* 466 U.S. at 689.

9          Petitioner fails to overcome his burden to show that his counsel's performance prejudiced

10  him because Petitioner does not claim that but for his counsel's ineffective assistance he would have

11  elected to go to trial rather than plead guilty. Petitioner's claim that his counsel urged him to plead

12  guilty without negotiating with the government is insufficient to establish prejudice, especially

13  where the Court ultimately adopted Petitioner's counsel's sentencing recommendation, which was

14  below both the advisory guidelines and the United States' recommendation, and was in fact the

15  lowest sentencing option available to the Court under the statutory mandatory minimum. [Doc. Nos.

16  228 & 235.] Similarly, even though Petitioner claims that counsel did not explain his rights before

17  the Rule 11 hearing, this assertion alone is insufficient to establish prejudice where the Court

18  explained to Petitioner the elements of the offense, the factual allegations, and Petitioner's

19  constitutional rights, and Petitioner still agreed to waive his rights and to plead guilty to the offense.

20  [Doc. No. 151.] Petitioner's claim that his counsel did not pursue a defense on the merits is

21  insufficient to show prejudice, as Petitioner does not allege that he would not have pled guilty had

22  counsel conducted the case differently. Furthermore, an attorney's tactical decisions amount to

23  ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney

24  would have chosen it," and Petitioner makes no showing that such was the case here. *Adams v.

25  Wainwright*, 702 F.2d 1443, 1445 (11th Cir. 1983); *cf. Strickland*, 466 U.S. at 690. Likewise,

26  Petitioner's counsel's decisions about whether or not to interview witnesses, to conduct research, to

27  request a downward departure, or to challenge "foibles" at a sentencing hearing are all tactical

28  decisions that are left to counsel's discretion, unless patently unreasonable. Counsel is strongly

1    presumed to have rendered reasonable assistance, and Petitioner's conclusory factual allegations fail

2    to show that he was prejudiced by counsel's representation in accepting the plea bargain.

3              *3.        Outrageous Government Conduct*

4              As Respondent noted in his Reply, any claim of outrageous behavior on the part of the

5    government is waived as "it is well settled that an unconditional guilty plea constitutes a waiver of

6    the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional

7    defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005).

8                                    CERTIFICATE OF APPEALABILITY

9              A petitioner must obtain a certificate of appealability before pursuing any appeal from a final

10   order in a Section 2255 proceeding.  *See* 28 U.S.C. § 2253(c)(1)(B).  When the denial of a Section

11   2255 motion is based on the merits of the claims in the motion, a district court should issue a

12   certificate of appealability only when the appeal presents a "substantial showing of the denial of a

13   constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner is required to show that reasonable

14   jurists could debate whether the issues should have been resolved differently or are "adequate to

15   deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting

16   *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), superseded on other grounds by 28 U.S.C. §

17   2253(c)(2)); *see also Mendez v. Knowles*, 556 F.3d 757, 771 (9th Cir. 2009).  Because Petitioner has

18   not made a substantial showing of the denial of a constitutional right, and because the Court finds

19   that reasonable jurists would not debate the denial of Petitioner's motion, the Court declines to issue

20   a certificate of appealability.

21                                            CONCLUSION

22             Based on the foregoing reasons, the Court **DENIES** Petitioner's motion to vacate, set aside,

23   or correct his sentence pursuant to 28 U.S.C. § 2255 without an evidentiary hearing, as the record

24   conclusively shows that Petitioner is not entitled to relief.  Furthermore, the Court declines to issue a

25   certificate of appealability.

26             **IT IS SO ORDERED**.

27   DATED:  September 21, 2012

28

                                                 Hon. Michael M. Anello
                                                 United States District Judge

09cr0577/12cv0556